**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH EMANUEL BAPTISTE, | No. 21-16357 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-06551-HSG |
| v. | |
| B. MARTINEZ, Correctional Counselor II; M. WYNN, Senior Staff Psychologist; J. HOWLIN, Chief of Mental Health; M. DEANTONI, Staff Psychologist, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| J. LEWIS, Deputy Director of Policy and Risk Management, of CDC Healthcare Services; S. HATTON, Warden, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted January 18, 2023[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Kenneth Emanuel Baptiste, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Martinez and De Antoni because Baptiste failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in denying Baptiste's request for single-cell status where these defendants interviewed Baptiste and reviewed his disciplinary and mental health records. *See id.* at 1057-60 (holding that deliberate indifference is a high legal standard and a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) (violation of a state regulation does not, on its own, give rise to liability under § 1983).

The district court properly granted summary judgment for defendants Wynn and Howlin because Baptiste failed to raise a genuine dispute of material fact as to

whether these defendants were sufficiently involved in any decision to deny Baptiste single-cell status. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation omitted)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (discussing reviewer reliance on prison medical opinions).

Baptiste's motion for sanctions (Docket Entry No. 24) is denied.

**AFFIRMED.**